UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BURKE,<br><br>            Plaintiff,<br><br>     v.<br><br>PATRICK COVELLO, et al.,<br><br>            Defendants. | No.  2: 23-cv-0768 KJN P<br><br><br><u>ORDER</u> |

   Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

   Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

2

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

*Defendants*

Named as defendants are Warden Covello, Correctional Officers Pendleton and Evangelista, and Does 1-5. Plaintiff's complaint contains three claims for relief.

*Claim Two*

In claim two, plaintiff alleges that he was assaulted by an inmate on June 26-27, 2021. Plaintiff names the inmate who allegedly assaulted him as defendant Doe 2.

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff cannot bring a claim against an inmate because the inmate was not acting under color of state law. Leyva v. Soto, 2023 WL 3573895, at *3 (S.D. Cal. May 17, 2023). Accordingly, plaintiff's claim against the inmate who allegedly assaulted plaintiff, i.e., defendant Doe 2, is dismissed.

In claim two, plaintiff also alleges that he was denied medical care following the attack by defendant Doe 2.

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. Shapley v. Nevada Bd. of

State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges that following the assault, he required emergency medical care. Plaintiff alleges that he asked defendants for medical care following the assault. Plaintiff appears to claim that defendants denied him medical care. However, plaintiff does not clearly allege that defendants denied his request for medical care. Plaintiff also does not specifically identify the defendants who denied his request for medical care. Without this information, the undersigned cannot determine whether plaintiff states a potentially colorable claim for relief. Accordingly, this claim is dismissed but with leave to amend.

*Claim Three*

Claim three raises an Eighth Amendment failure to protect claim. To state a viable Eighth Amendment failure to protect claim, plaintiff must allege facts demonstrating that (1) he faced a "substantial risk of serious harm" to his health or safety, and (2) that defendants were deliberately indifferent to those risks. Farmer v. Brennan, 511 U.S. 825, 837 (1994). To establish deliberate indifference plaintiff must show that the defendants knew of and disregarded a substantial risk of serious harm to his safety. Id.

In claim three, plaintiff alleges that on June 26-27, 2021, defendant Doe 1 released plaintiff and another inmate (defendant Doe 2) from their cells for medications. Defendant Doe 2 then attacked plaintiff.

To the extent plaintiff raises a failure to protect claim against defendant Doe 1 based on his release of defendant Doe 2 from his cell, plaintiff pleads no facts demonstrating that defendant Doe 1 knew that defendant Doe 2 would attack plaintiff. For this reason, plaintiff does not state a potentially colorable failure to protect claim against defendant Doe 1 based on these allegations.

Plaintiff goes on to allege that the day after the attack by defendant Doe 2, plaintiff gathered his personal property, went to the day room and asked for protection from three correctional officers, including defendants Doe 3, Evangelista and Pendleton. Defendant Pendleton told plaintiff that she would move him to safety and ordered plaintiff to sit down. Plaintiff continued to tell defendant Pendleton and the other correctional officers about his safety concerns. Defendant Doe 3 downplayed plaintiff's fears by stating, "just let him go ahead and sit

there, he's just acting like a little kid."

Plaintiff alleges that defendant Doe 3 and defendant Evangelista then ordered plaintiff to sit at a table closer to the door and podium. At this time, the inmate who attacked plaintiff the day before (defendant Doe 2) stood at the entrance of the building foyer, summoning the Tower Correctional Officer (defendant Doe 1) for entry. Plaintiff alleges that despite knowing that defendant Doe 2 was the inmate who attacked plaintiff before, defendants allowed the gate to be opened for defendant Doe 2. After entering the day room, defendant Doe 2 attacked plaintiff.

Plaintiff pled sufficient facts demonstrating that defendants Does 1 and 3 and Pendleton and Evangelista knew that defendant Doe 2 posed a risk of harm to plaintiff. However, for the following reasons, plaintiff has not pled sufficient facts demonstrating that these defendants disregarded this threat of harm.

While plaintiff alleges that defendant Doe 1, the tower officer, allowed defendant Doe 2, to enter the building where plaintiff was in the day room, plaintiff pleads no facts demonstrating that defendant Doe 1 knew that plaintiff was in the building or the day room at that time. Without a further explanation regarding how defendant Doe 1 knew that plaintiff was in the building or the day room when he allowed defendant Doe 2 to enter the building, the undersigned cannot determine whether defendant Doe 1 disregarded the threat of harm to plaintiff by defendant Doe 2.

Plaintiff claims that defendants Doe 3, Evangelista and Pendleton "allowed" the gate to be opened which led to defendant Doe 2 entering the day room and attacking plaintiff. However, plaintiff does not explain how defendants "allowed" the gate to be opened and where this gate was located. The undersigned cannot determine whether these defendants disregarded the threat of harm to plaintiff by defendant Doe 2 without further explanation of these matters.

Plaintiff also alleges that a "C/O defendant stood by" and watched the attack. It is unclear which defendant allegedly stood by and watched the attack without intervening to stop it. Accordingly, the undersigned finds that these allegations do not state a potentially colorable claim for relief. If plaintiff files an amended complaint, he shall address which defendant allegedly failed to intervene when defendant Doe 2 attacked plaintiff in the day room.

*Claim One*

In claim one, plaintiff alleges that defendant Covello's failure to adequately train defendants Evangelista and Pendleton led to the attacks on plaintiff.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

////

A failure to train theory can be the basis for a supervisor's liability in a § 1983 action in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton v. Harris, 489 U.S. 378, 387-90 (1989).  In order to impose liability for failure to train, a plaintiff must state facts showing that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy is so likely to result in violations of constitutional rights, that the policy-makers ... can reasonably have been said to have been deliberately indifferent to the need." Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).

Plaintiff has not pled sufficient facts in support of his failure to train claim against defendant Covello.  Plaintiff fails to demonstrate that the need for more or different training was obvious and that inadequate training resulted in the alleged deprivations.  Accordingly, claim one against defendant Covello is dismissed.

Conclusion

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*Request for Appointment of Counsel*

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for appointment of counsel (ECF No. 3) is denied.

Dated:  June 29, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Burke768.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BURKE,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, et al.,<br><br>    Defendants. | No. 2: 23-cv-0768 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____        Amended Complaint

DATED:

_____
Plaintiff